U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 10 2008

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DALE MICHELE STINGLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:07-CV-673-A |
| | § | |
| DEN-MAR, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND
ORDER

Came on for consideration the motion for summary judgment filed by defendants, Den-Mar, Inc. ("Den-Mar"), and Rail Unlimited Inc. ("Rail Unlimited")(collectively, "defendants"), as to all claims filed against them by plaintiff, Dale Michele Stingley. Plaintiff timely filed her response to the motion. Having considered the motion, the response, the summary judgment record, and applicable authorities, the court has determined that the motion should be granted in part and denied in part.

I.

Plaintiff's Claims

Plaintiff alleges that during her employment she was sexually harassed by her supervisor, and that defendants wrongfully terminated her in retaliation for opposing a hostile

work environment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII").

II.

## The Motion for Summary Judgment

Defendants maintain that plaintiff cannot establish a prima facie case of either sexual harassment or retaliation. Defendants further contend that plaintiff was discharged as part of a reduction in force and that she cannot prove that this reason is a pretext for retaliation.[1]

III.

## Undisputed Facts

The following facts are undisputed in the summary judgment record:

Plaintiff began her employment with Den-Mar on October 9, 2006, as a clerk at its facility located in Arlington, Texas. Rail Unlimited, though not plaintiff's direct employer, is a sister company to Den-Mar. Kenneth Doake ("Doake") served as

---

[1] Section III.B. of defendants' motion addresses a purported retaliation claim by plaintiff regarding the actions of a coworker, Nina Tillmon. However, in her response, plaintiff denies any intent to bring a claim against Tillmon and confirms that her only complaint of retaliation concerns the alleged acts of defendants. Pl.'s Resp. at 16. Therefore, the court need not address defendants' arguments regarding Tillmon.

human resources director for defendants at all times relevant to this action.

On November 10, 2006, plaintiff contacted Doake and reported that she had been sexually harassed by her supervisor, John Muldrow ("Muldrow"). After discussing plaintiff's complaint, Doake confirmed his conversation with plaintiff in a letter that same day. In the letter Doake requested additional, specific information from plaintiff regarding her allegations against Muldrow, and also expressly advised her to contact him immediately if she experienced any retaliation resulting from her complaint. Doake then contacted Muldrow to inform him of plaintiff's complaint and advise that he was beginning an investigation into her allegations.

On November 14 and 15, 2006, Muldrow failed to report to work; consequently, defendants considered Muldrow to have resigned his position per company policy. On November 17, 2006, Doake notified plaintiff via letter of Muldrow's resignation and stated his belief that the same should resolve plaintiff's complaint. In a November 27, 2006, letter to Doake, plaintiff confirmed that Muldrow's resignation made further action by defendants unnecessary. After Muldrow's resignation, Ron French ("French") became plaintiff's new supervisor.

3

On January 18, 2007, Doake received another letter from plaintiff, dated December 30, 2006, complaining of actions towards her by a coworker, Nina Tillmon ("Tillmon"). Doake again responded to plaintiff with a letter informing her that he would have French and Charles Hickman, the new assistant manager, investigate her allegations. The following day, French informed Doake that he and Hickman planned to meet with plaintiff that day to discuss her complaints. A few days later, on January 25, 2007, French met with Tillmon to discuss his findings and conclusions. However, before defendants could take any action against her, the next day Tillmon abruptly left work without notice and abandoned her position. Plaintiff raised no further complaints of harassment or retaliation with Doake.

On March 12, 2007, plaintiff became upset over an incident between herself and French, and left the following note on his desk:

> At no time is it necessary to be rude to me or to speak to me like I am a child. I spoke to you when you first took over as manager about coming across rudely when dealing with me. I will always find that treatment unacceptable.
>
> There are days when it seems I have to take your temperature to know what your mood is and at times that puts me off balance. To my knowledge there are no issues with my job performance and if it is personal that is unfortunate because I enjoy the work I do. If

4

there is a problem that I should be aware of please let me know. As long as I am employed here I ask is [sic] to be treated with respect and be told if there is a problem with anything I do.

Respectfully,
Michele Stingley

Pl.'s App. Ex. 9. On March 17, 2007, defendants terminated plaintiff's employment.

IV.

## Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. <u>Anderson</u>, 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that

there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. Anderson, 477 U.S. at 248, 256. To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. Anderson, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law. Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597. See also Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc) (explaining the standard to be applied in determining whether the court should

enter judgment on motions for directed verdict or for judgment notwithstanding the verdict).

V.

Analysis

A.  Plaintiff's Sexual Harassment Claim.

To prevail on a claim of sexual harassment by a supervisor, a plaintiff must establish that: (1) she belongs to a protected class; (2) she was subjected to unwelcome sexual harassment; (3) the harassment was based on sex; and (4) the harassment affected a term, condition, or privilege of employment. See Lauderdale v. Texas Dept. of Criminal Justice, Inst. Div., 512 F.3d 157, 162-63 (5th Cir. 2007). Defendants list a fifth element, that "the employer knew or should have known of the harassment and failed to take prompt remedial action." Defs'. Brief at 5, quoting Woods v. Delta Bev. Group, Inc., 274 F.3d 295, 298 (5th Cir. 2001). Defendants rely on this fifth element in their motion, claiming plaintiff cannot establish that they failed to take prompt remedial action. However, as explained in Woods, the Fifth Circuit distinguishes between cases

> in which an employee asserts a Title VII sexual harassment claim alleging that a supervisor with immediate (or successively higher) authority harassed her and cases in which the harasser is a co-worker. In the former situation, the employee need only satisfy

7

> the first four elements of the aforementioned test. In
> the latter situation, we made clear that the employee
> must satisfy all five elements.

274 F.3d at 278 n.2 (internal citations omitted). It is undisputed that plaintiff's alleged harasser was her immediate supervisor; thus, plaintiff is not required to establish the fifth element. As defendants have offered no other grounds for summary judgment on plaintiff's sexual harassment claim, the court will deny summary judgment as to that claim. See John Deere Co. v. American Nat'l Bank, Stafford, 809 F.2d 1190, 1192 (5th Cir. 1987).

B.  Plaintiff's Retaliation Claim.

Establishing a prima facie case of retaliation under Title VII requires a showing that the plaintiff: (1) engaged in protected activity; (2) was subject to an adverse employment action; and (3) can demonstrate a causal link between the protected activity and the adverse action. See Baker v. American Airlines, Inc., 430 F.3d 750, 754 (5th Cir. 2005). If the employee establishes a prima facie case, the burden shifts to the employer to state a legitimate, non-retaliatory reason for its action. See id. After the employer provides a reason, "any presumption of retaliation drops from the case" and the employee

must prove that the stated reason is merely a pretext for unlawful retaliation. Id. at 755.

In their motion defendants argue that plaintiff's retaliation claim fails because she cannot establish any causal link between the filing of her sexual harassment complaint and her termination, and because she has offered no evidence that defendants' reason for her discharge — a reduction in force — was a pretext for retaliation.

In her response, plaintiff clarifies that her retaliatory discharge claim "was based on Plaintiffs [sic] protesting of the ongoing hostile treatment of Ramp Mgr. Ron French," rather than her sexual harassment complaint.[2] Pl.'s Resp. at 18. Plaintiff claims her protected activity was the note she left on French's desk on March 12, 2007, complaining that he had been "hostile" towards her after becoming the manager. Id. Plaintiff claims the note — the "protected activity" — establishes the causal link because her termination occurred mere days after she left it on

---

[2] Plaintiff's response states that she was discharged because she protested "being subjected to a hostile work environment related to two complaints of sexual harassment." Pl.'s Resp. at 18. The response, however, makes clear that plaintiff does not relate her discharge to her sexual harassment complaint, but only to her protest of French's allegedly hostile behavior towards her. See id. at 18-20, 23. To the extent plaintiff alleges Tillmon's actions created a hostile work environment, defendants acted promptly to end the harassment. See Woods v. Delta Bev. Group, Inc., 274 F.3d 295, 298 (5th Cir. 2001).

French's desk. Id. at 20, 23. The text of the note is set forth in its entirety supra, at 4.

The court finds that plaintiff has failed to establish a prima facie case of retaliation because she did not engage in protected activity contemplated by Title VII.[3] Under Title VII an employee engages in protected activity if she has "opposed any practice made an unlawful employment practice by this subchapter," or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). Nothing in plaintiff's note to French opposed or protested any unlawful employment practice under Title VII, nor does the note even refer to her previous complaint of sexual harassment. Rather, the note simply complains of French's alleged rudeness and moodiness; nothing in the note states or even implies that those behaviors are due to plaintiff's race, gender, or anything else protected by Title VII. Rather, plaintiff's complaints about French are no

---

[3] Notably, plaintiff does not contend that her previous complaint of sexual harassment was the protected activity on which her retaliation claim is grounded. Even if plaintiff made this argument, her prima facie case still fails: plaintiff made her sexual harassment complaint in November 2006 and was discharged in March 2007. The four-month lapse, without more, is insufficient to establish the causal connection necessary for a prima facie case of retaliation. See, e.g., Strong v. University Healthcare Sys., L.L.C., 482 F.3d 802, 808 (5th Cir. 2007)("temporal proximity alone is insufficient" to prove retaliation, holding that three and a half months between protected activity and termination insufficient to establish retaliation).

more than the "petty slights, minor annoyances, and simple lack of good manners" that are not actionable retaliatory conduct.[4] See Aryain v. Wal-Mart Stores Tex. LP, 534 F.3d 473, 484-85 (5th Cir. 2008)(citing Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006)). Therefore, the note cannot constitute the protected activity required to support a claim of retaliation. See Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 348-49 (5th Cir. 2007)(email and statements to supervisor that failed to mention unlawful employment practice not protected activity); Harris-Childs v. Medco Health Solutions, Inc., 169 F. App'x 913, 916 (5th Cir. 2006)(complaint to employer of general harassment not protected activity); Evans v. Texas Dept. of Trans., 547 F. Supp.2d 626, 654-55 (E.D. Tex. 2007)(complaint of hostile work environment based on rude behavior of supervisor, with no mention of Title VII-protected characteristic, not protected activity).[5]

---

[4] In addition to the rude conduct described in the note, plaintiff alleges that the following conduct of French created a hostile environment: he was "sneaky," he took exception to plaintiff's complaints against Muldrow, plaintiff had to "walk[] on eggshells," he responded to her in a "rude, aggressive tone," he snatched notes or messages from her hand, he responded in a loud and rude voice to her phone call to him, and, after she left the note, he had a "piercing, glaring look" in his eye. Pl.'s Resp. at 18-19.

[5] Although the court does not reach defendants' other summary judgment ground, namely, that plaintiff has failed to establish that the reason for her discharge is a pretext for retaliation, a preliminary review indicates that defendants would be entitled to summary judgment on that basis as well.

11

## VI.

## Order

For the reasons discussed above, the court concludes that defendants' motion for summary judgment should be denied in part and granted in part. Therefore,

The court ORDERS that defendants' motion for summary judgment on plaintiff's claim of sexual harassment be, and is hereby, denied.

The court further ORDERS that plaintiff's claim of retaliation, be, and is hereby, dismissed.

SIGNED September 3, 2008.

_____
JOHN McBRYDE
United States District Judge